UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELEANOR FULGENZI, | ) | CASE NO. 5:09-cv-01767 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| WYETH, INC., et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the Motion of Defendant Teva Pharmaceuticals USA, Inc., (hereinafter "Teva") to Dismiss pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure. ("Motion to Dismiss," Doc. No. 33.) Plaintiff Eleanor Fulgenzi (hereinafter "Fulgenzi") opposes the motion. ("Response," Doc. No. 38.) For the reasons stated herein, Defendant's motion to dismiss is **GRANTED.**

This litigation arises out of Fulgenzi's long-term consumption of metoclopramide, the generic version of the prescription drug Reglan. Fulgenzi alleges that she developed Tardive Dyskinesia and Akasthisia, potentially permanent neurologic disorders causing involuntary movements of the head, body and legs, as a result of her use of metoclopramide. On July 30, 2009, Fulgenzi filed her Complaint against the following Defendants: 1) Wyeth Inc. and Schwarz Pharma; 2) Actavis, Inc and Actavis-Elizabeth, LLC; 3) Teva Pharmaceuticals USA, Inc.; and 4) Pliva, Inc. ("Complaint," Doc. No. 1 at p.1.) Fulgenzi timely served all Defendants except Teva and Pliva, Inc.

("Memorandum in Support," Doc. No. 34 at p. 10.)

Fulgenzi first attempted to serve Teva on August 5, 2009 by sending the Notice of Lawsuit and Request to Waive Service of a Summons ("Waiver Request") to Teva by serving Corporate Trust Center at 1209 Orange Street, Wilmington, DE 19801. ("Response To Show Cause," Doc. No. 30 at p. 2.) Fulgenzi received the envelope back, opened and with its contents removed shortly thereafter. (*Id.*) Fulgenzi did not receive a response other than the returned envelope and did not attempt service again until January 26, 2010, when she sent the Waiver Request to the Corporate Trust Center a second time. (*Id.*) On February 4, 2010, Fulgenzi received a response, stating that Teva's current agent is the Corporate Creations Network, Inc.

On February 19, 2010, the Court ordered Fulgenzi to show cause by March 5, 2010 as to why Teva should not be dismissed for want of service. On March, 4, 2010, Fulgenzi responded by filing her Response to Show Cause. The court accepted Fulgenzi's response and granted leave to perfect service on March 5, 2010. Teva was finally served when Fulgenzi made her third attempt at service on March 3, 2010, sending the Waiver Request to the Corporate Creations Network, Inc. (*Id.*) Upon receipt of service, Teva filed the present Motion on March 30, 2010, arguing that Fulgenzi did not perfect service in the time allotted by Rule 4(m) and that she did not show good cause for delay; accordingly, Teva seeks dismissal of all claims against them.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action

2

> without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Rule 4(m) directs a court to undertake a two part analysis. First, the court must determine whether Fulgenzi has shown good cause for the failure to effect service. If she has, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Second, if Fulgenzi has not shown good cause, the court must either (1) dismiss the action without prejudice or (2) direct that service be effected within a specified time. *Henderson v. United States*, 517 U.S. 654, 662, n.10 (1996); *Osborne v. First Union Nat'l Bank of Del.*, 217 F.R.D. 405, 408 (S.D. Ohio 2003). Establishing good cause is the responsibility of the party opposing the motion to dismiss, and "necessitates a demonstration of why service was not made within the time constraints." *Habib v. GMC*, 15 F.3d 72, 73 (6th Cir. 1994). *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006).

The Sixth Circuit has repeatedly recognized that extraordinary circumstances may warrant a finding of "good cause" such that untimely service may be excused. *See e.g., Habib*, 15 F.3d at 73 (finding "good cause" where a seriously ill, *pro se* plaintiff made a good faith yet ultimately flawed effort to perfect service); *Byrd v. Stone,* 94 F.3d 217, 220 (1996) (vacating and remanding the judgment of the court below for dismissing the claim of a plaintiff proceeding *in forma pauperis,* when plaintiff failed to perfect service due to errors made by the court clerk and United States Marshals assigned to the task). By contrast, the Sixth Circuit has refused to find "good cause" based on vague claims of hardship or unexpected difficulties in perfecting service. *See, e.g.*,

*Nafziger,* 467 F.3d at 521-22 ("personal matters involving the welfare of counsel's young children," coupled with a lack of assistance from co-counsel, did not constitute "good cause").

Under Rule 4(m), the Court has discretion to permit late service even absent a showing of good cause.[1] *Osborne*, 217 F.R.D. at 408. *See Henderson*, 517 U.S. at 662. While the Court has the discretion to fashion an appropriate remedy for failing to effectuate service, "exercising that discretion necessarily means that relief in the form of an extension is not afforded as a matter of course, else there would be no reason to have Rule 4(m) with its time limit for service." *Turner v. Grant County Det. Ctr.*, 2007 U.S. Dist. LEXIS 34290, *5.

Fulgenzi argues that the Court's prior decision allowing her additional time to serve Teva for showing of good cause renders the Teva's argument for insufficient service of process under Rule 12(b)(5) resolved. (Response at p.3.) The decision, however, was made without the benefit of Teva's challenge. Once service was completed, Teva had a right to challenge the sufficiency of service via Rule 12(b)(5). Consequently, it is appropriate for the Court to determine the sufficiency of the service

---

[1] Former Fed. R. Civ. P. 4(j) compelled dismissal of an action as to any defendant that had not been timely served absent a showing of "good cause." In 1993, the text of subsection (j) was amended and relocated to subsection (m). The new language confers discretion upon the district court to enlarge the 120-day period for service, even absent a showing of "good cause." As such, the majority of courts that have addressed the issue have reached the conclusion that "good cause" is no longer necessary to forgive untimely service. *See, e.g., De Tie v. Orange County*, 152 F.3d 1109, 1111-12 & n. 5 (9th Cir. 1998); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1307-08 (3d Cir. 1995). While the Sixth Circuit has yet to directly address this issue in a reported decision, it has indicated in an unreported decision that such discretion is available. *See Stewart v. TVA*, 2000 U.S. App. LEXIS 29904, at *2 *(6th Cir. Nov. 21, 2000) (*citing Henderson,* 517 U.S. at 662). Moreover, other districts within the circuit have reached a similar conclusion. *See Turner v. Grant County Det. Ctr.*, 2007 U.S. Dist. LEXIS 34290, *5 (E.D. Ky. May 10, 2007); *In re Lopez*, 292 B.R. 570, 575-76 (E.D. Mich. 2003); *Osborne*, 217 F.R.D. at 408. This Court agrees with the majority of courts that have found that the clear language of Rule 4(m) permits such discretion.

based on pleadings from both parties. While the Court gave leave to Fulgenzi to finalize service, Teva's defense of insufficient service must be decided on the pleadings.

Fulgenzi does not dispute the fact that she failed to properly serve Teva within 120 days of filing her Complaint. Instead, Fulgenzi argues that she had good cause for failing to timely serve Teva. However, Fulgenzi points to no sufficient reason for her untimely service upon Teva. In her Response to Court's Request to Show Cause, Fulgenzi claims that the first ineffective service attempt was based on counsel's mistaken belief that Corporation Trust Center was Teva's agent. (Response at p. 2.) Yet, the fact remains that Fulgenzi did not attempt service again for Teva for five months after learning that Corporation Trust Center was not Teva's agent. Fulgenzi has had two opportunities to give an explanation for her five month gap in service, but has only noted that the lack of perfection of service was due to "an inadvertent oversight." (Response at p. 3.) However, "counsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991) (citations omitted).

Fulgenzi also claims that she has worked diligently on the case, including addressing motions and conducting discovery, but this Court finds that an inadvertent oversight of five months does not constitute the diligence contemplated under Rule 4(m). Fulgenzi could have easily located Teva's correct agent through any number of easily accessible public sources. According to Fulgenzi's Response to Court's Request to Show Cause, Fulgenzi was on notice that The Corporation Trust Center was no longer the legal agent of Teva when Fulgenzi received the Waiver Request envelope back. (Response to Show Cause at p. 2.)

5

Teva argues the delay in service prejudiced it since it has not been able to participate in discovery or in the claims asserted by Defendant Activis Inc. based on federal preemption. Teva has not been prejudiced by its inability to participate in discovery, since no discovery has occurred in this case pending the results of this motion. In contrast, while it can be argued that Activis, Inc. fully and ably argued the federal preemption claims the fact remains that Teva was not given the opportunity to participate in the briefing due to Fuglenzi's dilatory efforts to effect service. In that the issue was decided against Teva's interests, the Court agrees that Teva has been prejudiced.

Even if the Court were to accept Fulgenzi's contention that Teva was not prejudiced by the delay in service and that good cause existed for the delay (Response at p. 3-4), a lack of prejudice, however, does not automatically constitute "good cause." *See Moncrief v. Stone*, 961 F.2d, 595, 597 (6th Cir. 1992) (rejecting the argument that "the phrase 'good cause' should be read expansively to include all cases where a defendant is not prejudiced"). Accordingly, the Court finds no good cause to save the claims against Teva from dismissal under Rule 4(m).

Finding no good cause shown, the Court must still determine if it should exercise its discretion to further expand the time for service. *See In re Lopez*, 292 B.R. at 574; *Osborne*, 217 F.R.D. at 408. While dismissal may prejudice Fulgenzi in that her claims against Teva may have reached or exceeded the statute of limitations, the fact that a dismissal without prejudice may doom her claims against this particular defendant, alone, does not require a district court to extend the time for service of process. *See Nehls v. Hillsdale College*, 2004 U.S. Dist. LEXIS 8588, at *17 (W.D. Mich. Feb. 20, 2004) (the fact that the statute of limitations had run on the Plaintiff's claim did not mandate an

6

extension of the time for service) (*citing Panaras*, 94 F.3d at 341.) Moreover, Fulgenzi may still be able to pursue full redress for the wrongs alleged in the Complaint from other Defendants under the theory of joint and several liability. Notwithstanding the possible prejudice to Fulgenzi, the court finds that it is unwilling to reward her failure to diligently pursue service.

For the foregoing reasons, Teva's Motion to Dismiss Plaintiff's Complaint (Doc. No. 33.) is **GRANTED.** All claims against Defendant Teva are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated:  June 10, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**