UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELEANOR FULGENZI | ) | CASE NO. 5:09CV1767 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| | ) | |
| | ) | |
| WYETH, INC., et al. | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court upon the amended motion of Plaintiff Eleanor Fulgenzi (Plaintiff or Fulgenzi) to amend the Complaint. (Doc. No. 51.) The motion is unopposed. For the reasons that follow, the amended motion is **GRANTED**.

**Background**

This litigation arises out of Fulgenzi's long-term consumption of metoclopramide, the generic version of the prescription drug Reglan. Fulgenzi alleges that she developed Tardive Dyskinesia and Akasthisia, potentially permanent neurologic disorders causing involuntary movements of the head, body and legs, as a result of her use of metoclopramide.

Plaintiff originally brought this lawsuit against a number of alleged manufacturers of the label drug Reglan, as well as various corporations Plaintiff believed to be known to manufacturer the generic drug metoclopramide. On January 25, 2010, Plaintiff dismissed a number of Reglan manufacturers, leaving only Defendant Pliva, Inc.

(Pliva) and Teva Pharmaceuticals, USA, Inc. (Teva) as party defendants. On June 10, 2010, the Court granted Teva's motion to dismiss on the ground that Plaintiff had failed to properly serve Teva within 120 days, as required by Fed. R. Civ. P. 4(m). (Doc. No. 39 and 40.) Consequently, only Pliva remains as a defendant on the original Complaint.

On August 6, 2010, and by the deadline set forth in the Case Management Plan and Trial Order (CMPTO) for adding parties, Plaintiff filed a motion to amend the Complaint to add URL Pharma, Inc. (Pharma) and Mutual Pharmaceutical, Inc. (Mutual) as defendants, to "re-join" Teva as a defendant, and to add certain claims.[1] (Doc. No. 49.) Teva opposed the motion on the grounds that the proposed amended complaint did not cure Plaintiff's untimely service of it, and because it believed that there were certain fatal deficiencies in the pleadings that were not cured by the amendment.[2]

On September 10, 2010, Plaintiff filed the present amended motion to amend. Plaintiff indicates that the amended motion was necessary to eliminate its request to "re-join" Teva as a party defendant, and to address Teva's complaints regarding the lack of specific dates relating to Plaintiff's consumption of metoclopramide.[3] In light of the fact that this amended motion supersedes the original motion to amend, the later is **DENIED** as moot.

**Analysis**

After the defendant files a responsive pleading, the plaintiff may amend

---

[1] The new claims, which are also contained in the proposed amendment attached to the amended motion to amend, include several statutory claims, brought under Ohio law, that are related to the common law tort claims found in the original Complaint.

[2] With respect to the later, Teva observed that Plaintiff failed to plead any facts regarding the time period in which Plaintiff took metoclopramide, who manufactured the drug, the conditions for which the drug was prescribed, and the warnings upon which either she or her doctor relied.

2

the complaint only by leave of court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id*. The decision whether to permit the amendment is committed to the discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32 (1971); *Estes v. Ky. Util. Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980). The trial court's discretion is, however, "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted).

Leave to amend may be denied when it would result in undue delay, prejudice to the opposing party, repeated failure to cure deficiencies in the complaint, bad faith, dilatory motive, or futility of the proposed amendment. *See Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005); *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Duchon v. Cajon Co*., 791 F.2d 43, 48 (6th Cir. 1986)). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps*, 30 F.3d at 662-63 (citation omitted).

There is no evidence that Plaintiff unduly delayed in seeking leave to amend to add additional parties. In fact, as previously noted, the request was filed by the deadline set forth in the CMPTO for adding parties. Likewise, there is no evidence that

---

[3] Plaintiff states that she plans to file a separate lawsuit against Teva.

Plaintiff delayed in raising the new claims that appear in the proposed amended complaint.[4] Nor can the Court find any evidence in the record of bad faith or dilatory motives, and it is not confronted with a plaintiff who has repeatedly failed to cure any deficiencies in the complaint.

As for futility, Plaintiff addressed many of Teva's concerns regarding the allegations in the proposed amendment by adding specific details regarding Plaintiff's consumption of metoclopramide. While there still may be deficiencies in this proposed amended complaint that may be the subject of future dispositive motions, the Court cannot say, at this juncture, that the proposed amendments are futile.

Finally, with respect to prejudice to the opposing party, the Court observes that this complex case is in the early stages of litigation. The parties are still engaged in non-expert discovery, which is scheduled to continue for several months. Further, expert discovery will not be completed until the middle of August, 2011. There is plenty of time for Pliva, and the newly joined defendants, to complete all forms of discovery, and prepare any dispositive motions without jeopardizing the current dates and deadlines set forth in the CMPTO. Moreover, the newly minted statutory claims are closely aligned to the common law tort claims found in the original Complaint, and will not require Defendants to expend significant additional resources in defending. In sum, the Court finds that Defendants will not be prejudiced by the amendment. Having found the relevant factors favoring the grant of the amended motion, the Court shall permit the

---

[4] The Court observes, however, that Plaintiff fails to explain why these statutory claims could not have been brought in the original Complaint. Nonetheless, as set forth below, the short delay will not prejudice Defendants.

4

proposed amendment.

**Conclusion**

For the foregoing reasons, Plaintiff's amended motion to amend is **GRANTED**. The Amended Complaint shall be deemed filed as of the date of this Memorandum Opinion and Order.

**IT IS SO ORDERED**.

Dated: November 29, 2010

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**